LOTTINGER, Judge.
This is a suit by plaintiff, Kernie Zanders, to annul a judgment of possession which places the collateral heirs of Joanna Peters Robinson Zanders, the defendants, in possession of certain immovable property. Prom the trial court’s decision to annul the judgment of possession, defendants appeal.
FACTS
The trial court made the following finding of facts:
“Joanna Peters married Sam Robinson on February 1, 1922. No children were shown to be born of this marriage, and no judgment of divorce dissolving this marriage was produced. Joanna Peters married Alonzo Zanders on September 8, 1932. Again, no children were born of this marriage. On December 27, 1941 Joanna Peters purchased Lot 19, Block 22, Stephen E. Richardson Addition to the City of Bogalusa. In this deed Joanna’s name and marital status appears as ‘Joaner Peters, divorced.’ On July 7, 1958 Joanna Peters purchased Lots 4 and 5, Block 27, Stephen E. Richardson Addition to the City of Bogalusa. In this deed Joanna’s name and marital status appear as ‘Joaner Peters Zanders, wife of Alonzo Zanders.’ On January 2, 1960 ‘Alonzo Zander and Joanna Peters Zander, husband and wife, living in the same marital status as when the hereinafter described property was first by them acquired’ sold Lots 27 and 28, Block 15, Talley and Moss Addition to Bogalusa, Louisiana; the record does not disclose the date of acquisition of this piece of property by Joanna and Alonzo Zanders. On May 24, 1971 ‘Joaner Zanders, the wife of Alonza Zan-ders, and Alonza Zanders’ executed an affidavit to the effect that ‘Joaner Peters Zanders’ is the owner of the above mentioned lot 19 Block 22, that her marital status as stated on the Act of Sale (‘divorced’) is erroneous and should have read that she was married to and living together with Alonzo Zanders. Joanna Peters died on September 11, 1971; her parents predeceased her and she had no biological or adopted children. On March 20, 1972, after the death of Joanna Peters, Alonzo Zanders married again, his second wife being Kernie Ford Johnson Zanders, the plaintiff herein. On June 15, 1974, Alonzo Zanders died. On November 2, 1976, the judgment of possession complained of herein, which places the collateral relations of Joanne Peters Robinson in possession, was signed. Plaintiff petitioned the Court on May 25, 1977 to annul the above described judgment of possession. Subsequently, plaintiff herein petitioned the Court to probate the last will and testament of Alonzo Zanders, and on June 17,1980 a second judgment of possession was signed which purports to place the plaintiff herein with one Richard Chanalt Johnson in possession of Lot 19, Block 22 of the Stephen E. Richardson Addition to the City of Boga-lusa and Lots 4 and 5, Block 27 of the Stephen E. Richardson Addition to the City of Bogalusa.”
*1215 TRIAL COURT
The trial judge concluded that “although the evidence is meager, this Court finds that the plaintiff, Kernie Zanders, has carried the burden of proving that Alonzo Zanders contracted the marriage with Joanna in good faith, i.e. that Alonzo had an honest and reasonable belief that the marriage to Joanna was valid and that no legal impediment to it existed. Gathright v. Smith, 368 So.2d 679, 682 (La.1979). This Court is further of the opinion that Alonzo remained in good faith throughout his marriage to Joanna. The civil effects of Alonzo’s marriage to Joanna should therefore flow in favor of Alonzo. This being the case, Alonzo, as a surviving spouse, is called to Joanna’s succession to the exclusion of Joanna’s collateral relations.”
SPECIFICATION OF ERROR
Defendants-appellants contend that the trial court erred in finding that Kernie Zan-ders had carried the burden of proving that Alonzo Zanders contracted his marriage with Joanna Peters Robinson Zanders in good faith.
The civil effects of a marriage flow to a spouse and his heirs even though the marriage is invalid due to one of the spouses having a prior undissolved marriage if the spouse is in good faith, i.e. if the spouse had a honest reasonable belief that the marriage was valid and that no legal impediment to it existed. La.Civ.Code Art. 117. Gathright v. Smith, supra; Funderburk v. Funderburk, 214 La. 717, 38 So.2d 502, 504 (1949).
The Supreme Court in Gathright, supra, explained and approved the holding in Lands v. Equitable Life Assurance Society of U.S., 239 La. 782, 120 So.2d 74 (1960):
“(1) there is a presumption of the validity of a second marriage and the burden of proving invalidity is upon the party attacking it, (2) the presumption of validity does not run in favor of a spouse who has been shown to have a prior undissolved marriage, unless that spouse can show that he or she contracted the subsequent marriage in good faith.” 368 So.2d at 683 (footnote omitted)
The circular nature of this rule is self-evident and admitted by the court when it warned that application of it should not hinder attempts to determine validity of marriages and good faith of parties to invalid marriages. The burden of proving an invalid marriage was upon the defendants since they were attacking the marriage’s validity.
The defendants produced the marriage license certifying that Joanna and Sam Robinson were married on February 4, 1922; two nieces who lived with Joanna and Alonzo testified they “had no knowledge” of a divorce between Joanna and Robinson; both nieces stated they heard Joanna and Alonzo discuss Joanna’s undissolved marriage; one niece testified that Alonzo would tell Joanna she needed to get a divorce when the couple was arguing; and the other niece stated that Alonzo mentioned the undissolved marriage when he and Joanna contemplated the purchase of some property. Both nieces were pre-teens when they supposedly heard these statements. No evidence was produced to show the lack of a divorce. We are of the opinion that the trial judge was correct in his conclusion that Alonzo was in good faith, even though he was in error in placing the burden on plaintiff in proving the validity of the marriage.
Therefore, for the above and foregoing reasons, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.